IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

OSCAR SCULL                                                           PETITIONER


v.                                NO. 2:07CV00006 JMM-JFF



LINDA SANDERS,
Warden, FCI Forrest City,
Arkansas                                                          RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

District Judge, you must, at the same time that you file your written objections, include

the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof, and a copy, or the original, of any documentary or
        other non-testimonial evidence desired to be introduced at
        the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite 402
        Little Rock, AR 72201-3325

## DISPOSITION

Petitioner, an inmate at the Federal Correctional Complex in Forrest City,

Arkansas, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241

challenging his federal drug convictions. For the reasons that follow, the Magistrate

Judge undersigned recommends that the petition be dismissed without prejudice for

lack of subject matter jurisdiction.

On July 12, 2001, a jury in the United States District Court for the District of

New Mexico found Petitioner guilty of several offenses, including conspiracy to possess

crack cocaine with intent to distribute, conspiracy to distribute crack cocaine, distribution of crack cocaine, possession of crack cocaine with intent to distribute, maintaining a house for the manufacture of crack cocaine, and aiding and abetting. He was sentenced to a total of 156 months' imprisonment. Petitioner appealed to the United States Court of Appeals for the Tenth Circuit. While conceding that the government presented direct evidence to support his conviction for distribution of crack cocaine, he contended that the evidence was insufficient to convict him of the other charges. The Tenth Circuit rejected his arguments and affirmed his convictions. *United States v. Scull*, 321 F.3d 1270 (10th Cir. 2003).

On June 4, 2004, Petitioner filed a motion to vacate, set aside, or correct sentence in the sentencing court pursuant to 28 U.S.C. § 2255. He alleged that counsel was ineffective in several ways, that the sentencing court was without jurisdiction, and that the statutes under which he was convicted violated due process in that they are void for vagueness. On January 28, 2005, the court denied Petitioner's motion, finding that his arguments either were without merit or procedurally barred. On September 1, 2005, the Tenth Circuit denied Petitioner's request for a certificate of appealability. *United States v. Scull*, 2005 U.S. App. LEXIS 19111 (10th Cir. Sept. 1, 2005). On October 20, 2005, the Tenth Circuit denied Petitioner's petition for rehearing. Petitioner subsequently filed a petition for writ of *certiorari* with the United States Supreme Court. The Supreme Court denied the petition on February 27, 2006.

Petitioner subsequently filed a motion with the Tenth Circuit seeking leave to file a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He alleged that he had newly discovered evidence that the government

admitted in September 2006, contrary to its position at trial, that Jose Achon also resided in the house where the drug activity occurred. Petitioner maintained that if the jury had known Mr. Achon resided in the house, specifically in the spare bedroom where the crack cocaine was found, the jury would have had a reasonable doubt whether Petitioner was guilty of the drug crimes. The Tenth Circuit denied Petitioner's motion for leave to file a second or successive § 2255 motion, finding that Petitioner's assertions were insufficient to make a prima facie showing of "newly discovered evidence that, if proven and viewed as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." *Scull v. United States*, No. 07-2063 at ** 2-3 (10th Cir. March 23, 2007) (quoting 28 U.S.C. 2255 ¶ 8). The Court found that the government presented evidence at trial that Mr. Achon lived in the spare bedroom in Petitioner's home, but the jury rejected Petitioner's argument that the crack cocaine found in that bedroom belonged to Mr. Achon. *Id.* at 3. The Court also noted that on direct appeal it "rejected [Petitioner's] arguments that there was insufficient evidence to connect him to the crack cocaine found the spare bedroom of his home, where Mr. Achon allegedly was staying, and that therefore there was insufficient evidence to support his convictions for conspiracy to paricipate in drug distribution and possession of cocaine with intent to distribute." *Id.*

On January 17, 2007, Petitioner filed his § 2241 petition in this Court. Petitioner has raised two grounds for relief. First, he contends that his constitutional right to fair trial was violated due to prosecutorial misconduct during trial. In support of this contention, he alleges that the government knowingly and intentionally misled and

persuaded the court and the jury with perjured testimony. He alleges that the indictment alleged that both Petitioner and Josue Achon "maintained" a place at 5235 College NW in Albuquerque, New Mexico, for the purpose of manufacturing and distributing controlled substances, but that the government denied at trial that Achon lived at the 5235 College NW address. As his second ground for relief, Petitioner contends that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963) by concealing evidence that Josue Achon lived at the 5235 College NW address.

The Respondent has filed a motion to dismiss Petitioner's petition (docket entry # 6), asserting that Petitioner is precluded from presenting his claims pursuant to § 2241 because he cannot satisfy the requirements of § 2255's savings clause by showing that § 2255 is inadequate or ineffective to test the legality of his detention.

In his § 2241 petition, Petitioner attacks the legality of his federal drug convictions.  A collateral challenge to the legality of an underlying federal conviction is "most appropriately" brought as a motion to vacate under 28 U.S.C. § 2255. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir.2003). Section 2241 ordinarily is reserved for attacks on the execution of a federal prisoner's sentence. *See Matheny*, 307 F.3d at 711. Section 2255 does contain a narrowly-circumscribed savings clause that permits a federal prisoner to file a § 2241 petition attacking his underlying conviction if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *United States, ex rel Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002) (quoting 28 U.S.C. § 2255). "It is the petitioner's burden to establish that his remedy under § 2255 is

inadequate or ineffective." *Lurie*, 207 F.3d at 1078 (quoting *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)).

Inmates typically attempt to utilize § 2241 to attack their underlying federal conviction when there is a procedural barrier to their filing a motion to vacate pursuant to § 2255, such as § 2255's one-year statute of limitations or the restrictions on filing a second or successive § 2255 motion.[1]  However, "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Hill*, 349 F.3d at 1091.  Section 2255 is not inadequate or ineffective merely because a remedy under § 2255 is barred by that section's one-year statute of limitations or because § 2255 relief has already been denied. *Lurie*, 207 F.3d at 1077.

Petitioner alleges that his claim that the government violated *Brady v. Maryland* by concealing evidence that Josue Achon lived at 5235 College NW in Albuquerque, New Mexico, may not be relitigated in a § 2255 motion because prior to

---

[1]  Before filing a second or successive  § 2255 motion, a prisoner must receive authorization from the appropriate Court of Appeals. 28 U.S.C. § 2244(b)(3); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).  Authorization may be granted only if the appropriate Court of Appeals certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255, ¶ 8.

September 2006, he made the Tenth Circuit aware of "the government's change in material evidence," but that the court agreed with the government's position and issued a decision adverse to Petitioner.  Such a procedural barrier does not render Petitioner's remedy under § 2255 inadequate or ineffective.

In *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001), the United States Court of Appeals for the Fifth Circuit held that § 2241 jurisdiction is triggered by the savings clause in § 2255 if (1) the petitioner's claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" (*i.e*, he is actually innocent of the offense), and (2) the claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904. Utilizing the *Reyes-Requena* savings clause test, several federal judges, including United States District Judge William R. Wilson, Jr., have held that a petitioner can meet the actual innocence prong of the *Reyes-Requena* savings clause test only if he shows that "he was convicted for conduct that did not constitute a [federal] crime." *Hickman v. Sanders*, 2:04CV00160 WRW-JFF, recommended disposition at * 7 (E.D. Ark. June 1, 2005), adopted by order of district court (June 22, 2005) (quoting *Thomas v. Jeter*, 2005 U.S. Dist. LEXIS 2424 at * 4 (N.D. Tex. Feb. 17, 2005)); *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001); *Wesson v. U.S. Penitentiary Beaumont, Tx*, 305 F.3d 343, 348 (5th Cir. 2002).  Citing the Fifth Circuit's decision in *Reyes-Requena* and other cases, the Eighth Circuit has indicated that § 2241 jurisdiction may be triggered by the savings clause in § 2255 if the petitioner demonstrates that (1) he is actually innocent of the crime for which he was convicted and that (2) he "never had

an unobstructed procedural opportunity" to raise his claim. *Abdullah v. Hedrick*, 392 F.3d 957, 960-63 (8th Cir. 2004).   United States District Judge Susan Webber Wright has held that in order to meet the actual innocence prong of the Eighth Circuit's savings clause test, a petitioner must satisfy the same standard required to meet the actual innocence prong of the *Reyes-Requena* savings test, *i.e*, he "must demonstrate that he was convicted for conduct that did not constitute a federal crime." *Dominguez v. Sanders*, No. 2:05CV00084 JFF-SWW, recommended disposition at * 8 (E.D. Ark. Sept. 22, 2005), adopted by order of district court (October 11, 2005). Other courts have held that in order to show actual innocence sufficient to trigger § 2255's savings clause, a petitioner must meet the same standard used for determining whether a petitioner can avoid a procedural bar to the consideration of the merits of his constitutional claims. *Groom v. Samuels*, 2006 U.S. Dist. LEXIS 45500 at * 4 (D. N.J. June 21, 2006); *Miller v. Marberry*, 2005 U.S. Dist. LEXIS 26330 at ** 3-4 (E.D. Mich. Oct. 24, 2005).   Under this standard, a petitioner must present "new reliable evidence" not presented at trial and "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*,  513 U.S. 298, 324, 327 (1995); *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001); *Wadlington v. United States*, 428 F.3d 779, 783-84 (8th Cir. 2005). "Evidence is only 'new' if it was 'not available at trial and could not have been discovered earlier through the exercise of due diligence.'" *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) (quoting *Amrine*, 238 F.3d at 1029).

Petitioner alleges that he did not raise his claim that the government violated *Brady v. Maryland* by concealing evidence that Josue Achon lived at 5235 College NW

in Albuquerque, New Mexico, in his § 2255 motion because the government did not "admit" that Josue Achon resided at the address until after Petitioner's § 2255 motion was denied.  In support of his allegation, Petitioner has submitted an answer/response by the United States to Petitioner's Rule 41(g) motion for return of property. In the answer/response, which the United States filed in the sentencing court on October 27, 2006, the United States stated that Josue Achon "resided at 5235 College NW, Albuquerque, New Mexico [and] is a fugitive defendant in this case." Petitioner alleges that the government denied at trial that Josue Achon at the 5235 College NW address.

It appears from Petitioner's allegations and submissions that he was provided information in discovery that Josue Achon's address was 5235 College NW in Albuquerque, New Mexico. The superseding indictment alleged that Petitioner and Josue Achon maintained a place at the 5235 College NW address for the purpose of manufacturing, distributing, and using controlled substances.  Petitioner's counsel, in his opening statement at trial, stated that Josue Achon rented a room from Petitioner in Petitioner's house at the 5235 College NW address.  Counsel also stated that the drugs were found in Josue Achon's bedroom in Petitioner's house. The government presented evidence at trial that Mr. Achon lived in the spare bedroom in Petitioner's home at the 5235 College NW address. Petitioner's counsel introduced evidence showing that documents bearing the name of Daniel Balan (a/k/a Josue Achon) with an address of 5164 Golondrina were found in the spare bedroom of Petitioner's home and that all the drugs were found in the spare bedroom. The jury rejected Petitioner's argument that the crack cocaine found in the bedroom belonged to Mr. Achon.

Although Petitioner alleges that he did not raise his *Brady* claim in his § 2255

motion because the government did not "admit" that Josue Achon resided at 5235 College NW in Albuquerque, New Mexico, until after Petitioner's § 2255 motion was denied, the government disclosed to him prior to trial that Josue Achon resided at the 5235 College NW address and maintained a place at the address for the purpose of manufacturing, distributing, and using controlled substances. In addition, he had independent knowledge that Josue Achon resided at the address. Also, the government presented evidence at trial that Mr. Achon lived in the spare bedroom in Petitioner's home at the address. The Magistrate Judge finds that Petitioner has not shown that he did not have an unobstructed procedural opportunity in his direct appeal or § 2255 motion to raise his *Brady* claim.

The Magistrate Judge further finds that Petitioner has not demonstrated that he is actually innocent.  He has not shown that he was convicted for conduct that did not constitute a federal crime nor presented new reliable evidence showing that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.

The Magistrate Judge finds that Petitioner has not met his burden of showing that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Therefore, the Magistrate Judge finds that this Court lacks subject matter jurisdiction to entertain Petitioner's § 2241 petition and recommends that the Respondent's motion to dismiss be granted and that the petition be dismissed without prejudice. *Hill*, 349 F.3d at 1091-93 (affirming district court's dismissal of § 2241 petition, finding that district court properly concluded that § 2255 was adequate and effective to test the legality of the prisoner's conviction and that it therefore lacked

subject matter jurisdiction to entertain the petition).

THEREFORE, the Magistrate Judge recommends that Respondent's motion to dismiss be granted and that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed without prejudice for lack of subject matter jurisdiction.

Dated this 30th day of April, 2007.

_____/s/ John F. Forster, Jr._____
UNITED STATES MAGISTRATE JUDGE